RAMIREZ, C.J.
 

 This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850. By information, the State of Florida charged Clifton D. Sheppard •with home-invasion robbery, attempted first degree murder, burglary with assault, two counts of kidnapping, felony causing bodily injury, and possession of a firearm while engaged in a criminal offense. The information alleged that all of the offenses occurred on or about August 31, 1997. Sheppard entered a plea of not guilty. He turned down a plea offer of eighteen years in prison. The case proceeded to trial, where Sheppard was represented by counsel. The jury found him guilty. He then filed a direct appeal from the judgment and sentence. In a per curiam opinion, we affirmed, and stated the following:
 

 Although we deplore the prosecutorial misconduct evident in this case, the defendant elected to make no contemporaneous objections. The unobjected-to comments complained of do not rise to the level of fundamental error; they did not destroy the essential fairness of the trial.
 
 See Rogers v. State,
 
 783 So.2d 980, 1002 (Fla.2001);
 
 Kilgore v. State,
 
 688 So.2d 895, 898 (Fla.1996);
 
 Scoggins v. State,
 
 691 So.2d 1185, 1189 (Fla. 4th DCA 1997)(“Fundamental error has been defined as one that goes to the essence of a fair and impartial trial, error so fundamentally unfair as to amount to a denial of due process.”).
 

 Sheppard v. State,
 
 834 So.2d 390 (Fla. 3d DCA 2003) (footnotes omitted).
 

 Sheppard thereafter filed a timely motion pursuant to rule 3.850, where he alleged that his counsel had rendered ineffective assistance of counsel due to his failure to object to prosecutorial misconduct and his failure to investigate and discover two favorable witnesses. He also alleged that there was newly discovered evidence in the form of exculpatory testimony from the co-defendant. At the hearing, however, Sheppard abandoned his grounds for failure to investigate and the newly discovered evidence argument. The trial court summarily denied the motion without an evidentiary hearing of the failure to object.
 

 On appeal from a summary denial, this Court must reverse unless the post-conviction record,
 
 see
 
 Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief.
 
 See also
 
 Fla. R.App. P. 9.141(b)(2)(D). The issue before us, however, is whether Sheppard has raised a facially sufficient claim for rule 3.850 relief when it is based only on the same grounds of unpreserved errors that have already been determined not to constitute fundamental error.
 

 This Court’s previous finding of no fundamental error is determinative. In
 
 Chandler v. State,
 
 848 So.2d 1031, 1046 (Fla.2003), the Florida Supreme Court stated that “[b]ecause [the defendant] could not show the comments were fundamental error on direct appeal, he likewise cannot show that trial counsel’s failure, to object to the comments resulted in prejudice sufficient to undermine the outcome of the case under the prejudice prong of the
 
 Strickland
 
 test.”
 
 See Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 Here, the trial court correctly denied relief because Sheppard could not show prejudice in counsel’s failure to object. As
 
 *16
 
 such, because
 
 Chandler
 
 controls in this case, we must affirm.